OPINION
The State of Ohio appeals from a judgment of the Clark County Municipal Court, which granted John W. Haucke's motion to suppress evidence.
The facts of the case are undisputed. In the early morning hours of June 6, 1999, Haucke was driving southbound on State Route 54 in Clark County when he came upon the scene of an accident at which Catawba Police Chief James O'Neill was directing traffic. As a result of the accident, traffic on Route 54 was restricted to one lane. O'Neill motioned for Haucke to slow down and to stop behind another vehicle. Haucke did not appear to understand the instructions, and he pulled around the stopped car before bringing his own car to a stop. When O'Neill approached Haucke with further instructions about where to stop his vehicle, O'Neill smelled alcohol and asked whether Haucke had anything to drink. Haucke responded that he had not. O'Neill then instructed Haucke to pull to the side of the road, to turn off his ignition, and to wait for the state trooper who was handling the accident investigation. Approximately ten minutes later, the state trooper approached Haucke, questioned him, and conducted field sobriety tests. The tests indicated that Haucke was intoxicated. A breathalyzer test conducted a short time later indicated that Haucke's breath alcohol concentration was .176 per gram of alcohol per two hundred ten liters of his breath, in violation of R.C. 4511.19(A)(3). Haucke was arrested for driving under the influence of alcohol and for operating a motor vehicle with a prohibited concentration of alcohol in his breath.
Haucke pled not guilty and, on July 6, 1999, he filed a motion to suppress the evidence obtained against him as a result of the traffic stop. After a hearing and briefing on the motion, the trial court granted the motion to suppress.
The state raises one assignment of error on appeal.
 THE TRIAL COURT ERRED IN FINDING THAT THE OFFICER FAILED TO ARTICULATE REASONABLE GROUNDS TO JUSTIFY THE CONTINUED DETENTION OF APPELLEE.
The state contends that the trial court erred in concluding that O'Neill had not had a reasonable, articulable suspicion to detain Haucke based upon his detection of an odor of alcohol and upon Haucke's failure to follow traffic directives.
The United States Supreme Court has held that a police officer may effectuate a stop based on a reasonable, articulable suspicion not rising to the level of probable cause when he believes, based on the totality of the circumstances, that criminal activity is afoot. Terry v. Ohio (1968), 392 U.S. 1,21-22, 88 S.Ct. 1868, 1880. See, also, State v. Bobo (1988),37 Ohio St.3d 177, 178-179. An officer's inchoate hunch or suspicion will not justify an investigatory stop. Terry, 392 U.S. at 21-22,88 S.Ct. at 1880. The facts, together with the rational inferences from those facts, must be judged against an objective standard in determining whether a person of reasonable caution would have believed that the action taken was appropriate. Id.
The trial court concluded that the "factors presented by Chief O'Neill simply are as consistent with an unimpaired driver passing through the distraction of an automobile crash scene, as with an impaired driver." In so holding, the trial court noted that it is not illegal to operate a motor vehicle after consuming an alcoholic beverage. It concluded, therefore, that the odor of an alcoholic beverage, without other indicia of intoxication, does not create a reasonable, articulable suspicion justifying further investigation.
We agree with the trial court that Haucke's inability to successfully follow O'Neill's traffic directives may not have been entitled to significant weight given the disruption in traffic patterns caused by the accident and the darkness at the time of the stop. This fact, however, coupled with O'Neill's detection of an odor of alcohol emanating from the vehicle, did, in our view, create a reasonable, articulable suspicion of criminal behavior justifying further investigation.
The trial court stated that "the Courts have generally insisted that [an] arresting officer observe not only the odor of an alcoholic beverage, but also other signs of intoxication before being permitted to further detain a driver." The trial court correctly observed that an odor of alcohol is insufficient to establish probable cause to arrest someone for driving under the influence. See State v. Schott (May 16, 1997), Darke App. No. 1415, unreported. We do not find that observation to be pertinent, however, to the question of whether O'Neill had areasonable, articulable suspicion to further investigate whether Haucke had been driving under the influence, which is all that is required by Terry, 392 U.S. at 21-22, 88 S.Ct. at 1880. Furthermore, we find the court's reliance on case law pertaining to sobriety checkpoints to be misplaced. Stops made at sobriety checkpoints are, by definition, made without a reasonable, articulable suspicion of criminal activity on the part of any particular driver and without the observation of a traffic violation. Even if we assume, arguendo, that in those situations an officer is required to see "obvious signs of intoxication" before further detaining a motorist, that requirement would not apply with equal force to a situation in which an officer has an independent, reasonable basis for approaching a vehicle, such as the driver's failure to follow traffic directives.
We find this case to be analogous to Schott, supra, in which we rejected the argument that the odor of alcohol alone is insufficient to create a reasonable, articulable suspicion of driving while intoxicated. In Schott, a patrolman observed a vehicle that was apparently having engine trouble pull off the road into a "yellow `no parking' zone," and the patrolman decided to advise the driver that he was not permitted to park in that area unless it was absolutely necessary. When the patrolman approached the driver, he detected a strong odor of alcohol and proceeded to conduct field sobriety tests. We held that "a strong odor of alcohol was sufficient to provide the officer with reasonable suspicion" of criminal behavior. Accord State v.Powell (Nov. 24, 1989), Portage App. No. 89-P-2045, unreported.
Although we recognize that it is not illegal to operate a motor vehicle after consuming an alcoholic beverage, we do not share the trial court's view that allowing a police officer to investigate a driver after smelling alcohol on or about his person sets too low a standard for detention. Such an odor provides an officer with an objectively reasonable, articulable suspicion of illegal activity to warrant further investigation, as required byTerry, 392 U.S. at 21-22, 88 S.Ct. at 1880. Moreover, the officer's suspicion of intoxication in this case, while based primarily on the odor of alcohol, was buttressed by the fact that Haucke had been unable to following traffic directives when approaching the accident scene.
The assignment of error is sustained.
The trial court's order suppressing evidence will be reversed.
FAIN, J. and YOUNG, J., concur.